UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6309-CR-SEITZ/GARBER

UNITED STATES OF AMERICA,     :

    Plaintiff,     :

v.     :

JACOLYN BARUCH,     :

    Defendant.     :

_____

## NOTICE OF INABILITY TO SERVE AS COUNSEL AND MOTION TO WITHDRAW AS LOCAL COUNSEL

The undersigned, David G. Vinikoor, files this Notice of Morris M. Goldings' Inability to Serve as Co-Counsel and Motion to Withdraw as Local Counsel, and in support thereof states the following:

1. On November 1, 2000, undersigned counsel filed a Notice of Permanent Appearance on behalf of the Defendant, Jacolyn Baruch in the above matter.

2. Thereafter, Morris M. Goldings, on December 8, 2000 filed his Application for Admission Pro Hac Vice as co-counsel for the Defendant, Jacolyn Baruch and designated undersigned counsel to serve as local counsel.

3. This Court entered an order granting Morris M. Goldings' Application to Appear Pro Hac Vice pursuant to Rule 4(F) on December 14, 2000.

4. Undersigned counsel has been advised that the Massachusetts Supreme Judicial Court has issued an order entitled In Re: Morris M. Goldings, Order of Immediate Temporary Suspension, a copy of which is attached hereto and incorporated herein.

5. This order indicates that Morris M. Goldings has been temporary suspended from the practice of law and is no longer in good standing before the Bar of the Supreme Judicial Court of the Commonwealth of Massachusetts.

6. Based upon this order of temporary suspension, it would appear that Morris M. Goldings is no longer eligible to serve as co-counsel in the above matter.

7. Undersigned counsel, therefore, respectfully requests that he be relieved of any further responsibility as local counsel on behalf of Morris M. Goldings.

8. The Defendant, Jacolyn Baruch, has been advised of the order of temporary suspension as well as this notice and motion to withdraw as local counsel and she has no objection to undersigned counsel being relieved of further responsibilities as local counsel for Morris M. Goldings.

Respectfully submitted,

DAVID G. VINIKOOR
Attorney for Defendant
420 S.E. 12th Street
Fort Lauderdale, FL 33316
Telephone: (954) 522-2500
Facsimile: (954) 522-7278

By: _____
DAVID G. VINIKOOR
FL BAR #195719

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery this 26th day of February 2001, to the following:

Assistant U.S. Attorney Brian McCormick
and Assistant U.S. Attorney Diana Fernandez
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33301

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd., Ste. 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Steve Kreisberg, Esq.
3250 Mary Street, #400
Coconut Grove, FL 33133
(Counsel for Peggy Preston)

Donald R. Spadaro, Esq.
1000 S. Federal Hwy., Ste. 103
Fort Lauderdale, FL 33316
(Counsel for Julius Chiusano)

John F. Cotrone, Esq.
509 S.E. 9th Street, Suite 1
Fort Lauderdale, FL 33316
(Counsel for Frederick Scarola)

Peter Raben, Esq.
2665 S. Bayshore Drive, Ste. 1206
Coconut Grove, FL 33133
(Counsel for Paul DiFilippi)

Jon May, Esq.
200 E. Broward Blvd., Ste. 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

David R. Rothman, Esq.
First Union Financial Ctr.
200 S. Biscayne Blvd., Ste. 2690
Miami, FL 33131
(Counsel for John Mamone)

Lothar Genge, Esq.
1020 Russell Drive
Highland Beach, FL 33487
(Counsel for Jeffrey Bass)

Brian H. Bieber, Esq.
2600 Douglas Rd., Penthouse 1
Coral Gables, FL 33134
(Counsel for Joseph Spitaleri)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Jeffrey M. Harris, Esq.
One East Broward Blvd., Ste. #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd.
Miami, FL 33132
(Counsel for David Morgenstern)

Brian L. Tannebaum, Esq.
First Union Financial Center 200
South Biscayne Blvd., Ste. 2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Charles Wender, Esq.
190 W. Palmetto Park Road
Boca Raton, FL 33432
(Counsel for Giuseppe Bellitto)

Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

Neil M. Mameroff, Esq.
100 S.E. 2nd Avenue, Suite 3350
Miami, FL 33131
(Counsel for Anson Klinger)

Richard Hamar, Esq.
Maria Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210
(Counsel for Charles Clay)

Morris Goldings
Mahoney Hawkes LLP
75 Park Plaza
Boston, MA 02116

_____
DAVID G. VINIKOOR

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPREME JUDICIAL COURT
                                            FOR SUFFOLK COUNTY
                                            NO: BD-2001-005

IN RE: MORRIS M. GOLDINGS

## ORDER OF IMMEDIATE TEMPORARY SUSPENSION

This matter came before the Court, Spina, J., on a Petition for Temporary Suspension filed by Bar Counsel. The parties having waived hearing and assented to an order of temporary suspension,

It is ORDERED that:

1. MORRIS M. GOLDINGS is temporarily suspended from the practice of law in the Commonwealth pending further order of the Court effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

   a) file a notice of withdrawal as of the effective date of the temporary suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

2

b) resign as of the effective date of the temporary suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been temporarily suspended; that he is disqualified from acting as a lawyer after the effective date of the temporary suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been temporarily suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the temporary suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

3

  f) refund any part of any fees paid in advance that have not been earned; and

  g) close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

 3. Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

  a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

  b) a schedule showing the location, title and account number of every bank account designated as an IOLTA, client,

4

trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

    c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

    d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

    e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    f) the residence or other street address where communications to the lawyer may thereafter be directed.
The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

    4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

    a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

    b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted

5

to practice; and

    c) the residence or other street address where communications to the lawyer may thereafter be directed.

    By the Court (Spina, J.). FXS

*/s/ Maura S. Doyle, Clerk*

Entered: February 8, 2001